## HATTIE A. COX v. L. B. JENKINS.

(Filed 15 December, 1937.)

**1. Process § 15—**

Complaint *held* sufficient to state cause of action for abuse of process under authority of *Ledford v. Smith, ante,* 447.

**2. Pleadings § 15—**

A demurrer for failure of the complaint to state a cause of action must be overruled if the complaint, liberally construed, C. S., 535, is sufficient to state any cause of action.

**3. Pleadings § 27—**

If defendant desires a more certain and definite statement of the cause of action alleged, the proper remedy is a motion under C. S., 537.

Appeal by defendant from *Hamilton, Special Judge,* at August Term, 1937, of Lenoir.   Affirmed.

This is an action for abuse of process, etc., brought by plaintiff against defendant, alleging damages.   The defendant demurred to the complaint. The demurrer was overruled by the court below.   Defendant excepted, assigned error, and appealed to the Supreme Court.

*Allen & Allen and Albion Dunn for plaintiff.*

*Wallace & White, John G. Dawson, R. A. Whitaker, and J. A. Jones for defendant.*

Per Curiam.   We think the court below properly overruled the demurrer of defendant.   We will not analyze the complaint in detail, as the defendant must answer and a trial will be had.   We think the allega-

tions sufficient, at least, to base a cause of action on for abuse of process. *Ledford v. Smith, ante,* 447.

While the complaint was lengthy, yet under our liberal practice (C. S., 535), if it sets forth one good cause of action it cannot be overthrown by demurrer. The general rule is that, if there is any cause of action stated in the complaint, however inartificially expressed, the demurrer will be overruled. If the defendant desired a more certain and definite statement of the alleged cause of action, the proper remedy was a motion to "require the pleading to be made definite and certain by amendment." N. C. Code, 1935 (Michie), sec. 537.

For the reasons given, the judgment of the court below is
Affirmed.